OPINION JUDGMENT ENTRY
{¶ 1} In March/April of 2001, a pole building, owned by appellant, Leonard Bohanan, collapsed. Appellant was insured under a homeowner's policy issued by appellee, Farmers Insurance of Columbus, Inc. In October of 2002, appellant filed a claim with appellee regarding the pole building. Appellee denied the claim.
 {¶ 2} On November 15, 2002, appellant filed a complaint against appellee claiming breach of contract. A jury trial commenced on November 18, 2003. At the conclusion of appellant's case, appellee moved for a directed verdict, claiming appellant failed to produce expert testimony as to the building's condition and reason for collapse. The trial court granted the motion. Said decision was journalized on November 24, 2004.
 {¶ 3} Appellant filed a pro se appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "The court errored (sic) by not allowing the photo of construction that the plaintiff built into evidence to show that plaintiff is well educated in the building field."
 II {¶ 5} "The court errored (sic) for not allowing plaintiff's afidavit (SIC) in support to be allowed into evidence to prove his building qualifications. also the court errored (SIC) for not allowing the plaintiff's complaint itself into evidence."
 III {¶ 6} "The court errored (sic) by not letting plaintiff testify as his own expert witness."
 IV {¶ 7} "The court errored (sic) by granting the defendants a direct virdict (sic) over plaintiff's objection."
 I, II, III {¶ 8} Appellant claims the trial court erred in ruling on evidentiary issues. We disagree.
 {¶ 9} The admission or exclusion of evidence lies in the trial court's sound discretion. State v. Sage (1987),31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We note all relevant evidence is admissible. Evid.R. 402. "Relevant evidence" is defined in Evid.R. 401 as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 10} First, appellant claims the trial court erred in ruling Plaintiff's Exhibit 1, a photograph of his residence that he had constructed, was not relevant. The structure in the photograph was not the subject of the litigation. We find no abuse of discretion by the trial court in denying Plaintiff's Exhibit 1.
 {¶ 11} Second, appellant claims the trial court erred in ruling Plaintiff's Exhibit 10, his affidavit, and Plaintiff's Exhibit 11, the complaint, were not admissible. Appellant testified during the trial therefore, the affidavit was not proper. As for the complaint, Civ.R. 8(G) clearly states, "Pleadings shall not be read or submitted to the jury, except insofar as a pleading or portion thereof is used in evidence." "Ohio courts have recognized that, except on rare occasions, pleadings are a matter for the court and not for the jury."Vitanza v. First National Supermarkets, Inc. (June 24, 1993), Cuyahoga App. No. 62906. In this case, admission of the complaint would have been improper.
 {¶ 12} Lastly, appellant claims the trial court erred in not permitting him to testify as an expert in construction.
 {¶ 13} Evid.R. 702 governs testimony by experts and states the following in pertinent part:
 {¶ 14} "A witness may testify as an expert if all of the following apply:
 {¶ 15} "(A) The witness' testimony either relates to matters beyond the knowledge or experience possessed by lay persons or dispels a misconception common among lay persons;
 {¶ 16} "(B) The witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony;
 {¶ 17} "(C) The witness' testimony is based on reliable scientific, technical, or other specialized information."
 {¶ 18} The trial court conducted a voir dire on this issue prior to the taking of evidence. T. at 90-112. Appellant summarized his experience and expertise as follows:
 {¶ 19} "Only other thing I'd like to say your Honor, my on-the-job training, the training from the engineer that designed the truss, 40 some years experience in putting them up, that should speak for itself." T. at 111.
 {¶ 20} The trial court found such "on-the-job" experience did not meet the requirements of Evid.R. 702 or case law. We concur with the trial court's interpretation of appellant's experience. Although appellant's experience is lengthy, it did not specifically fulfill the requirements of Evid.R. 702.
 {¶ 21} Assignments of Error I, II and III are denied.
 IV {¶ 22} Appellant claims the trial court erred in granting a directed verdict at the close of his case-in-chief. We agree.
 {¶ 23} The standard for granting a directed verdict is set out in Civ.R. 50(A)(4) as follows:
 {¶ 24} "When a motion for directed verdict has been properly made, and the trial court, after construing the evidence most strongly in favor of the party against whom the motion is directed, finds that upon any determinative issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party, the court shall sustain the motion and direct a verdict for the moving party as to that issue."
 {¶ 25} In the transcript at 192-193, the trial court stated its reasons for granting the directed verdict as follows:
 {¶ 26} "THE COURT: Okay. Court is of the opinion that in this case reasonable minds cannot differ as to the causation because there is no evidence as to causation. This is not a case at this time, the court perceives it can be simply inferred because it was raining and/or snowing and/or sleeting; we don't know the exact date; we don't know the condition of the barn prior to; there's been no testimony by any qualified person as to the causation of why this building collapsed. And the Court feels based upon that, that since reasonable minds, if the court construes the evidence most strongly in favor of Mr. Bohanan, reasonable minds come to still but one conclusion, that is that he has failed to meet the burden of proof by a preponderance of the evidence, to establish this barn fell because of the weight of snow and ice.
 {¶ 27} "Excuse me, sir, it was a 30 some year old building; there is no evidence as to it's condition; there is no evidence in this record whatsoever, as to the cause of the collapse, without that evidence the Court does not feel that this matter should be submitted to the jury."
 {¶ 28} The central point of the trial court's decision and appellee's position is that some expert testimony was needed to establish a prima facie case of why the building collapsed. Appellant's claim was based upon a breach of the insurance contract. Pursuant to the contract of insurance, appellant needed to establish that the building collapsed because of "a. weight of ice, snow, sleet or rain which collects on a roof; b. weight of people, contents or equipment while on a roof." See, Joint Exhibit 1, Farmers Insurance Policy, Additional Coverages, ¶ 7.
 {¶ 29} Clearly appellant's burden was to establish by a preponderance of the evidence that the building collapsed because of ice, snow, sleet or rain on the roof. To fulfill this burden, appellant needed to establish by a preponderance or greater weight of the evidence why the building collapsed. Preponderance is often described as "more likely than not." Our inquiry is whether the testimony presented established that "more likely than not" the building collapsed because of ice, snow, sleet or rain on the roof. We must consider this under the directed verdict standard, that is, the evidence must be construed in favor of the party against whom the motion is directed.
 {¶ 30} Appellant testified when he and his wife retired for the evening, the building was standing. Around 3:30AM to 4:00AM, Mrs. Bohanan was awakened by a noise. T. at 126, 177. She looked out and saw the building had collapsed. Id. Appellant and his wife testified to the weather conditions at the time as "a lot of rain, wet snow." T. at 126, 178. Appellant testified he personally observed "six to eight inches of ice and wet snow" on the building. T. at 127.
 {¶ 31} We find appellant met his threshold burden of proof under Civ.R. 50(A)(4), and the trial court erred in granting the directed verdict at the close of his case-in-chief.
 {¶ 32} Assignment of Error IV is granted.
 {¶ 33} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed in part and reversed in part.
By Farmer, J. Gwin, P.J. and Hoffman, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed in part, reversed in part and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellee.